# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MARVIN MELEGA,

Plaintiff,

v.

TRANS UNION, LLC,

Defendant.

Index No.:

**VERIFIED COMPLAINT**

By and through the undersigned counsel, Plaintiff Marvin Melega ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, alleges as follows:

**PRELIMINARY STATEMENT**

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Trans Union, LLC ("Trans Union," "CRA," or "CRA Defendant") to recover actual, statutory, and punitive damages, as well as costs and attorney's fees and injunctive relief.
2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).
3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. As set forth herein, the CRA Defendant denied Plaintiff the protections provided by the FCRA concerning MB FIN SVCS account number [redacted]**** (the "MB FIN SVCS account").

6. On January 2026, Plaintiff sent a dispute letter to Trans Union informing the CRA Defendant that it was reporting inaccurate information regarding the MB FIN SVCS account. As a result, Trans Union unlawfully verified the MB FIN SVCS account as accurately reporting.

7. Furthermore, Trans Union also failed to report the MB FIN SVCS account as disputed on Plaintiff's Trans Union credit report.

8. Despite Plaintiff's disputes, Trans Union did not correct the MB FIN SVCS account it was reporting. Upon information and belief, Trans Union continues to not report the MB FIN SVCS account as disputed to this day.

9. As a direct and proximate result of the CRA Defendant's negligent and willful actions, conduct, and omissions, Plaintiff suffered actual damages, cognizable pursuant to the FCRA. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.[1]

10. The CRA Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## PARTIES

11. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)). Plaintiff resides at 396 Ridgewood Avenue, 1, Brooklyn, NY 11208.

12. Trans Union is a consumer reporting agency as defined by the FCRA (15 U.S.C. § 1681a(f)).

## FACTUAL ALLEGATIONS

13. On or around January 2026, Plaintiff ran his Trans Union credit report and noticed that the CRA Defendant was reporting the MB FIN SVCS account on Plaintiff's Trans Union credit report.

***Trans Union reported (and is likely still reporting) an inaccurate MB FIN SVCS account***

14. Trans Union has reported and likely continues to report, an inaccurate tradeline for the MB FIN SVCS account. Specifically, Trans Union has not reported and likely continues to not report the MB FIN SVCS account as disputed.

[1] Plaintiff may have also suffered direct credit harm due to the CRA Defendant's violations of the FCRA. Plaintiff intends to inquire into the extent of direct credit harm he may have suffered through discovery from the CRA Defendant and third-parties.

***Plaintiff's Disputes***

***Trans Union Disputes and Dispute Results***

15. By letter dated January 28, 2026, Plaintiff wrote Trans Union to dispute the MB FIN SVCS account that Trans Union was reporting on Plaintiff's Trans Union credit report. Plaintiff also requested that Trans Union remove the MB FIN SVCS account from Plaintiff's Trans Union credit report. Plaintiff's January 28, 2026 dispute letter was sent via certified mail.

16. Plaintiff did not receive a response from Trans Union. However, Trans Union is **<u>not</u>** reporting the MB FIN SVCS account as disputed on Plaintiff's Trans Union credit report - according to Plaintiff's March 6, 2026 Trans Union credit report.

***Damages***

17. Because of the CRA Defendant's misconduct, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

18. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.

19. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused her credit harm in the form of credit denials and/or other adverse actions with respect to existing credit.

20. In addition, the inaccurate MB FIN SVCS tradeline reported by Trans Union has cost, and continues to cost, Plaintiff time and effort and expense in pursuit of corrected credit reports.

## **<u>CAUSE OF ACTION</u>**

### **Violations of FCRA § 1681i**

21. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged

herein.

22. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

23. Trans Union violated multiple sections of 15 U.S.C. § 1681i by its respective acts and omissions, including, but not limited to, the following:

    a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit file in violation of § 1681i(a)(1);

    b. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute, in violation of § 1681i(a)(4); and

    c. failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

24. Had Trans Union reasonably investigated Plaintiff's dispute, Trans Union could not have verified that it was accurately reporting the MB FIN SVCS account. Nevertheless, Trans Union verified and continued to report the MB FIN SVCS account. Trans Union continued to report the MB FIN SVCS account on Plaintiff's Trans Union credit report. In so doing, Trans Union violated § 1681i (and a corresponding provision of the NY FCRA).

25. Furthermore, Trans Union did **not** report the MB FIN SVCS account as disputed on

Plaintiff's Trans Union credit report.

26. Because of Trans Union's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

27. Violations of § 1681i by Trans Union were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

28. In the alternative, Trans Union's violations of § 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from Trans Union pursuant to § 1681o.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against the CRA Defendant:

1. Awarding Plaintiff against the CRA Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o;
2. Ordering Trans Union to:
    a. immediately and permanently (i) delete and/or update all inaccurate information concerning the MB FIN SVCS account from and/or on Plaintiff's credit reports and files, and (ii) cease reporting an inaccurate MB FIN SVCS account to any and all persons and entities to whom Trans Union reports consumer credit information; and

b. send updated and corrected consumer reports to all persons and entities to whom Trans Union has reported inaccurate information about the MB FIN SVCS account;

c. **grant Plaintiff tradeline deletion of the MB FIN SVCS account**.

3. Enjoining Trans Union from violating Plaintiff's NY FCRA rights; and

4. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 23, 2026

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1530
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com